## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| **WALTER WALLACE, JR.,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 4:22CV334 HEA** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

### OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Respondent's Motion to Dismiss, [Doc. No. 17]. Respondent seeks dismissal of Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the Motion to Dismiss will be granted.

### Factual Background

The factual background is set forth in the record, the Guilty Plea Agreement, and the United States of America's Motion.

### Procedural Background

On October 3, 2016, Petitioner pled guilty to Count Two of a two-count indictment which charged him with discharge of a firearm in furtherance of a drug trafficking crime that resulted in death.   The Court sentenced Petitioner to 300 months' imprisonment on January 5, 2017. Petitioner did not appeal his conviction or sentence.   As such, Petitioner's sentence became final on January 29, 2017.

Petitioner filed his Motion to Vacate, Set Aside or Correct Sentence on March 21, 2022.

## Claim for Relief

Petitioner claims counsel was ineffective for: failing to file a notice of appeal after Petitioner requested counsel to do so, (Ground One); causing Petitioner to plead guilty when there was insufficient evidence to establish a drug conspiracy, (Ground Two); and for having Petitioner plead guilty with an inaccurate understanding as to how his sentence would be calculated by the Bureau of Prisons.

## Legal Standards

Relief Under 28 U.S.C. §2255

A federal prisoner seeking relief from a sentence under 28 U.S.C. § 2255 on the ground "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. Federal habeas relief is limited to rectifying "jurisdictional errors, constitutional errors, and errors of law." *Raymond v. United States*, 933 F.3d 988, 991 (8th Cir. 2019). Errors of law, moreover, only constitute grounds for relief under § 2255 when such error

2

"constitute[s] a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (internal quotation omitted). Movant bears the burden to prove he is entitled to relief. *Golinveaux v. United States*, 915 F.3d 564, 567 (8th Cir. 2019).

Ineffective Assistance of Counsel

> "The standard set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.E.2d 674 (1984), provides the framework for evaluating [Movant's] ineffective-assistance-of-counsel claim." *Anderson v. United States*, 762 F.3d 787, 792 (8th Cir. 2014). [Movant] "must show that his counsel's performance was deficient and that [he] suffered prejudice as a result" to prove a violation of his Sixth Amendment rights. *Id.*

> "Deficient performance is that which falls below the range of competence demanded of attorneys in criminal cases." *Bass v. United States*, 655 F.3d 758, 760 (8th Cir. 2011) (internal quotation omitted). "*Strickland* sets a 'high bar' for unreasonable assistance." *Love [v. United States]*, 949 F.3d [406], 410 [8th Cir. 2020] (quoting *Buck v. Davis*, 137 S. Ct. 759, 775 (2017)). Only a performance "outside the wide range of reasonable professional assistance" is constitutionally deficient. *Id.* (internal quotation omitted). "We make every effort to eliminate the distorting effects of hindsight and consider performance from counsel's perspective at the time." *Id.* (internal quotation omitted).

> "Prejudice requires the movant to establish 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Bass*, 655 F.3d at 760 (quoting *Strickland*, 446 U.S. at 694).

*O'Neil v. United States*, 966 F.3d 764, 770-71 (8th Cir. 2020).

It is well-established that a petitioner's ineffective assistance of counsel

claim is properly raised under 28 U.S.C. § 2255 rather than on direct appeal. *United States v. Davis,* 452 F.3d 991, 994 (8th Cir.2006); *United States v. Cordy*, 560 F.3d 808, 817 (8th Cir. 2009). The burden of demonstrating ineffective assistance of counsel is on a defendant. *United States v. Cronic,* 466 U.S. 648, 658 (1984); *United States v. White,* 341 F.3d 673, 678 (8th Cir.2003).

Both parts of the *Strickland* test must be met in order for an ineffective assistance of counsel claim to succeed. *Anderson v. United States,* 393 F.3d 749, 753 (8th Cir. 2005), *cert. denied,* 546 U.S. 882 (2005). The first part of the test requires a "showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Id.* Review of counsel's performance by the court is highly deferential, and the Court "presumes counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The Court does not second-guess trial strategy or rely on the benefit of hindsight, *id.,* and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective, *United States v. Ledezma-Rodriguez,* 423 F.3d 830, 836 (8th Cir. 2005). If the underlying claim (i.e., the alleged deficient performance) would have been rejected, counsel's performance is not deficient. *Carter v. Hopkins,* 92 F.3d 666, 671 (8th Cir.1996). Courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.*

4

The second part of the *Strickland* test requires that Movant show that he was prejudiced by counsel's error, and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Anderson,* 393 F.3d at 753-54, quoting *Strickland,* 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland,* 466 U.S. at 694. When determining if prejudice exists, the Court "must consider the totality of the evidence before the judge or jury." *Id.* at 695; *Williams v. U.S.,* 452 F.3d 1009, 1012-13 (8th Cir. 2006).

The first prong of the *Strickland* test, that of attorney competence, is applied in the same manner to guilty pleas as it is to trial convictions. The prejudice prong, however, is different in the context of guilty pleas. Instead of merely showing that the result would be different, the defendant who has pled guilty must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Right to Evidentiary Hearing

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (alteration in original) (quoting 28 U.S.C. § 2255).

Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle [the movant] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996), quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043, citing *Larson v. United States*, 905 F.2d 218, 220-21 (8th Cir. 1990).

Since the Court finds that Petitioner's claims can be conclusively determined based upon the parties' filings and the records of the case, no evidentiary hearing will be necessary.

Timeliness of Motion

28 U.S.C. § 2255(f) generally requires a § 2255 movant to file a motion within one year of the judgment becoming final. It states:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

6

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

An un-appealed criminal judgment becomes final when the time for filing a direct appeal expires. See *Anjulo-Lopez v. United States*, 541 F.3d 814, 816 n.2 (8th Cir. 2008) (because defendant did not file a direct appeal, his conviction became final when the period for filing a notice of appeal expired.).

Petitioner was sentenced on January 5, 2017. He did not file an appeal, therefore, his conviction became final on January 29, 2017. To be timely under § 2255(f)(1), Petitioner had until January 29, 2018, to bring his § 2255 motion. This motion was filed on March 21, 2022, so his § 2255 motion is time barred and must be dismissed unless, in this case, equitable tolling applies.

Equitable Tolling

The Eighth Circuit has recognized that the doctrine of equitable tolling is available to a § 2255 movant, but only "under limited conditions, for example, where extraordinary circumstances beyond a prisoner's control prevent the timely filing." See *Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001*); United States v. Martin,* 408 F.3d 1089, 1092 (8th Cir. 2005). Equitable tolling is to be used infrequently, see *Flanders v. Graves*, 299 F.3d 974, 976 (8th Cir. 2002), and will not be applied if the habeas movant has not diligently pursued his rights. *Frinch v. Miller*, 491 F.3d 424, 427 (8th Cir. 2007).

"Equitable tolling is an exceedingly narrow window of relief." *Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005).

Petitioner argues that he remained in constant contact with his attorney and that his attorney assured him he would file an appeal, and later, that he did file an appeal. Petitioner states that he became aware of this alleged failure in January 2022 when he filed his motion for appointment of counsel for his 28 U.S.C. § 2255 habeas corpus. He further claims that numerous correspondences to counsel remained unanswered. Respondent argues the Motion is time-barred and there is no basis for equitable tolling.

> Equitable tolling can apply to the one-year statute of limitations for a motion to vacate under 28 U.S.C. § 2255, and excuse a late filing "where 'extraordinary circumstances' beyond a prisoner's control prevent timely filing." *United States v. Martin,* 408 F.3d 1089, 1092-93 (8th Cir. 2005) (citations omitted). However, equitable tolling should only apply where the movant has demonstrated that he has been pursuing his rights diligently. *See id.* at 1095 (citation omitted). Equitable tolling is an extraordinary remedy used only in rare circumstances, and "affords the otherwise time-barred petitioner an exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). Application of equitable tolling "must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Id.* at 806 (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)).

*Bowen v. United States*, No. 4:19-CV-2736-RLW, 2020 WL 2420518, at *2–3 (E.D. Mo. May 12, 2020).

In the case at bar, Petitioner makes a toothless attempt to demonstrate that he was diligently pursuing his rights. He urges that he tried contacting his attorney

and was told by counsel the appeal was pending. He did not look for himself, although the record is a matter of public record. He claims his mother asked about the appeal. Neither Petitioner nor his mother pursued different avenues when counsel allegedly repeatedly failed to provide any evidence of the appeal. Petitioner does not explain, nor is it apparent, that he was unable to ascertain the status of his case. Petitioner makes no attempt to identify any particular hindrance to checking the docket in his case. Petitioner also makes no attempt to identify how he became aware of the lack of appeal some 4 years after his time had expired to such a degree that he understood he could file the instant motion. Petitioner's conclusory assertion of lack of knowledge does not permit this Court to conclude that this is one of the rare circumstances in which the extraordinary remedy of equitable tolling is appropriate.

> To be entitled to invoke the statute of limitations contained in section 2255(f)(4), we have said that a petitioner "must show the existence of a new fact, while also demonstrating [that he] acted with diligence to discover the new fact." *E.J.R.E.* [*v. United States,* 453 F.3d 1094, 1097 (8th Cir.2006). The proper task in a case such as this one, therefore, "is to determine when a duly diligent person in petitioner's circumstances would have discovered that no appeal had been filed." *Wims v. United States,* 225 F.3d 186, 190 (2d Cir.2000). Because we think it apparent that a duly diligent person in [Petitioner's] circumstances would have discovered counsel's failure to notice an appeal well over a year before he filed his motion, we conclude that the district court did not abuse its discretion in dismissing the petition as time-barred without an evidentiary hearing.

> To be sure, section 2255 "does not require the maximum feasible diligence, only due, or reasonable, diligence." *Id.* at 190 n. 4 (internal quotation omitted). "Due diligence therefore does not require a prisoner to undertake

repeated exercises in futility or to exhaust every imaginable option." *Aron v. United States,* 291 F.3d 708, 712 (11th Cir.2002). But, it does at least require that a prisoner make *reasonable* efforts to discover the facts supporting his claims. *Id.*

*Anjulo-Lopez*, 541 F.3d at 817–18.

Having determined that the motion was untimely filed, and having considered Petitioner's response, the Court will dismiss the motion pursuant to Rule 4(b) of the Rules Governing Section 2255 proceedings in the United States District Courts. *See Day v. McDonough*, 547 U.S. 198, 210 (2006) (a district court may consider, on its own initiative, whether a habeas action is time-barred, but must provide notice to the movant before dismissing it as such).

## Conclusion

Based upon the foregoing analysis, Petitioner's motion will be dismissed.

## Certificate of Appealability

In a § 2255 proceeding before a district judge, the final order is subject to review on appeal by the court of appeals for the circuit in which the proceeding is held. 28 U.S.C. § 2253(a). However, unless a circuit judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. *Id.* § 2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability under § 2253(c) and Fed. R. App. P. 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if a movant has made a substantial showing of the

denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335–36
(2003); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be
debatable among reasonable jurists, a court could resolve the issues differently, or
the issues deserve further proceedings. *See Miller-El*, 537 U.S. at 335–36
(reiterating standard).

Courts reject constitutional claims either on the merits or on procedural
grounds. "'[W]here a district court has rejected the constitutional claims on the
merits, the showing required to satisfy § 2253(c) is straightforward: [t]he [movant]
must demonstrate that reasonable jurists would find the district court's assessment
of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338,
quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a motion is dismissed
on procedural grounds without reaching the underlying constitutional claim, "the
[Movant must show], at least, that jurists of reason would find it debatable whether
the petition states a valid claim of the denial of a constitutional right and that jurists
of reason would find it debatable whether the district court was correct in its
procedural ruling." *See Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the Court finds that
Petitioner has failed to make the requisite "substantial showing." *See* 28 U.S.C. §
2253(c)(2); Fed. R. App. P. 22(b). Accordingly, a certificate of appealability will
not issue.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. No. 1] is **DISMISSED**

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253.

A separate order of dismissal in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 6th day of April 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE